UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DRUE ALLEN HOLLIS,<br>*Plaintiff*,<br><br>v.<br><br>CULLEN/FROST BANKERS, INC.,<br>*Defendants*. | § § § § § § § | CIVIL ACTION NO. 4:24-CV-143-P |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

On February 13, 2024, *pro se* Plaintiff Drue Allen Hollis ("Hollis") filed a Complaint [doc. 1] and Amended Complaint [doc. 2] against Defendants Cullen and Frost Bankers, Inc. For the reasons stated herein, the undersigned **RECOMMENDS** that the case be **DISMISSED without prejudice**.

Hollis is no stranger to the judicial system, having filed no less than twelve cases in this district alone since 2021. In one of his previous case, United States District Judge Mark T. Pittman found that Hollis was a vexatious litigant and sanctioned him by requiring that he obtain leave of court before filing any additional complaints in this Court. ECF No. 15 in *Hollis v. Eyes on Camp Bowie, P.A.*, No. 4:22-cv-01043-P. Disregarding that prior ruling, Hollis filed this case without first obtaining leave of Court.

Courts possess the inherent power to "protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). The undersigned can take judicial notice of Hollis's litigation record and the sanctions imposed on him in this same Court. Fed. R. Evid 201(b)(2) and (c)(1); *see Sparkman v. Charles v. Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir.

1

2008). Hollis was on notice that Judge Pittman's Order could be used to limit Hollis's ability to file a new lawsuit without obtaining express written permission to file it. ECF Nos. 9, 15 in No. 4:22-cv-01043-P. There is no indication in the record that Hollis has obtained the required judicial permission to file this case. Accordingly, the Court **RECOMMENDS** that the case be **DISMISSED without prejudice**.

## RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that the case be **DISMISSED without prejudice**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

2

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 6, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and hereby is returned to the docket of the United States District Judge for further action as deemed appropriate.

SIGNED February 21, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE